UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSIANE HIRD-MOORHOUSE,

                Plaintiff,            03 Civ. 9688 (RWS)

   -against-                      OPINION

BELGIAN MISSION TO THE UNITED NATIONS,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    FRANK & ASSOCIATES, P.C.
    500 Bi-County Blvd., Suite 112N
    Farmingdale, NY 11735
    By: Ian M. Sack, Esq.

    Attorneys for Defendant

    RE, PARSER & partners PLLC
    445 Park Avenue
    New York, NY 10022
    By: Thomas C. Re, Esq.

7/19/07



**Sweet, D.J.**

Plaintiff Josianne Hird-Moorhouse ("Hird-Moorhouse" or the "Plaintiff") has alleged discrimination in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., the New York State Human Rights Law, Executive Law, § 290. et seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8.101, et seq., and violations of the Fair Labor Standards Act of 1938 ("F.S.L.A."), as amended, 29 U.S.C. § 201, et seq., and the New York State Labor Law, N.Y. Lab. Law § 190, et seq. Defendant Belgian Mission to the United Nations (the "Mission" or the "Defendant"), has moved to dismiss the action. For the reasons set forth below, the motion will be denied.

This action was filed by Hird-Moorhouse on December 8, 2003. The Mission filed its answer on March 24, 2004. Three pretrial conferences were held, the last following a letter motion by Hird-Moorhouse pro se requesting a dismissal without prejudice to facilitate the dismissal of an action she originated in Belgium on October 31, 2003 before the Brussels Employment Tribunal arising out of the events giving rise to the instant action. Both parties agreed to postpone the hearing on the motion of Hird-Moorhouse.

The Mission then filed the instant motion to dismiss. Both motions were submitted on March 7, 2007. The Mission has

1



sought dismissal on the grounds that there is a prior action pending in a foreign jurisdiction -- an action initiated by Hird-Moorhouse in Belgium -- in which certain proceedings have been held and decisions rendered.

The complaint appears to allege adequate jurisdiction in this court and the Belgian proceeding appears also to remain open. Parallel proceedings, standing alone do not provide a basis to dismiss for lack of jurisdiction or for failure to state a claim. Evergreen Marine Corp. v. Welgrow Int'l, 954 F. Supp. 101, 103 (S.D.N.Y. 1997).

It should be noted, however, that no action has been undertaken to prosecute this action, nor has Hird-Moorhouse's request to dismiss without prejudice been formally withdrawn. In the absence of prosecution within 60 days, this action will be dismissed without prejudice for failure to prosecute.

The Mission's motion to dismiss is denied.

It is so ordered.

**New York, NY**
**July 17, 2007**

ROBERT W. SWEET
U.S.D.J.

2