UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSIANE HIRD-MOORHOUSE,

                Plaintiff,          03 Civ. 9688

   -against-                     OPINION

BELGIAN MISSION TO THE
UNITED NATIONS,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

> **Attorneys for Plaintiff**
>
> FRANK & ASSOCIATES, P.C.
> 500 Bi-County Blvd., 112N
> Farmingdale, NY  11735
> By:  Peter A. Romero, Esq.
>
> **Attorneys for Defendant**
>
> RÉ & PARTNERS PLLC
> 240 Central Park South
> New York, NY  10019
> By:  Thomas C. Ré, Esq.
>
> THE BOYD LAW GROUP, PLLC
> 230 Park Avenue, Suite 1000
> New York, NY  10169
> By:  Patrick J. Boyd, Esq.
>      Michael J. Pospis, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 5 10

**Sweet, D.J.**


Defendant Belgian Mission to the United Nations (the "Mission") has moved for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to dismiss Plaintiff Josiane Hird-Moorhouse's ("Hird" or "Plaintiff") claims of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("NYCHRL") (together, the "Age Discrimination Claims").  Upon the facts and conclusions set forth below, the motion is denied.


The close issue presented is whether on this record there is sufficient evidence for a trial to determine whether Ambassador Jean DeRuyt ("DeRuyt"), the decision maker, discharged Hird because of her age.  Hird was replaced by a substantially younger woman.  Assuming that DeRuyt made the age-related comments he denies having made and that the facts regarding competence and performance are as alleged by Hird, as

1

a matter of law the evidence is sufficient to require a factual hearing.

## Prior Proceedings

Hird filed her initial complaint on December 8, 2003 and her amended complaint on October 29, 2009, alleging the Age Discrimination Claims and unpaid overtime claims. Discovery has proceeded.

The instant motion was marked fully submitted on June 23, 2010.

## The Facts

The facts are set forth in Defendant's Local Civil Rule 56.1 Statement, Plaintiff's Rule 56.1 Counter-Statement, and affidavits and deposition testimony, and are undisputed except as set forth below.

Hird was born on July 24, 1948, and is currently 62 years of age. According to Hird, she commenced work as a secretary-receptionist for the Mission on January 1, 1983.

2

On or about February 10, 1992, Hird was criticized in writing by her supervisor, Chancellor Jardin, for leaving the office early.  According to Hird, she had been given permission by another diplomat to leave, an explanation which was accepted by Chancellor Jardin.

Hird received a second written reprimand from Chancellor Jardin for not being in the office at the appropriately scheduled times.  According to Hird, the writing merely changed her lunch hours and she denied leaving as charged.  The absence was excused.

Hird was further criticized, in writing, for not fielding phone calls to the Mission by her supervisor, then-Ambassador DeRuyt.  She was also criticized, in this writing, for not being present at her desk during her scheduled work hours.  Hird responded by letter, noting that she had been informed that the Mission telephone service was not in operation and that on the day in question she had been assigned to work in the computer room.  According to Hird, DeRuyt made age-related remarks to and in the presence of Hird, stating that he "likes to have young faces around" and "like[s] to have young girls."

3

On October 24, 2001, Hird was criticized by DeRuyt for her failure to field calls, which prevented the Consul General from communicating an urgent message to the Vice Prime Minister by phone, as well as for leaving the security door open and sorting papers incorrectly.

On May 17, 2002, Hird received a written reprimand from DeRuyt for keeping a disorganized workspace, intentionally relaying false information to visitors, and attempting to sell cosmetics on the Mission's premises.  According to Hird, she was given an armoire and permission to keep her personal belongings locked in it for safekeeping, because her handbag had been stolen.  Hird also states that DeRuyt falsely accused her of selling lipstick and/or cosmetics.

On September 9, 2002, Hird again received written criticism for her work from DeRuyt.  On this occasion, she was criticized for improper use of the telephone system, which caused the Mission to miss incoming phone calls.  According to Hird, this criticism was made because of the discriminatory motive of DeRuyt.

4

According to Defendant, Vice-Consul Herman DeClercq ("DeClercq"), an Attache for the Mission and Hird's direct supervisor, also reprimanded Hird several times for being absent from her assigned post, failing to answer the phone in the office, and keeping a disorganized workspace.  These facts are denied by Hird.

According to Defendant, in 2002, the Belgian Ministry of Foreign Affairs directed the Mission to conduct a service reorganization to reduce the cost of personnel.  Hird has denied this fact, asserting that no other employees were terminated and that she was replaced by Alexandra Boonen ("Boonen"), who was less qualified than Hird and 16 years old at the time.

According to Hird, on November 4, 2002, DeRuyt told Plaintiff that he wanted a "younger image" in the office, that Hird was "too old for the job," and that he needed to replace her with a younger girl.  At the time, Hird was 54 years old. According to Hird, the next day, DeRuyt and DeClerq asked her to sign a separation agreement and general release.  When she refused to sign on November 6, 2002, Defendant terminated her employment.  Defendant denies that DeRuyt made any of the age-related statements attributed to him by Hird.

5

Hird's position was merged with the position of secretary-receptionist.  According to Defendant, the new position required certain computer skills that Hird lacked and her future with the Mission was impacted by this fact.  Hird denies these facts and has asserted that she regularly used the computer in the course of her duties as a secretary-receptionist.

Following the above-referenced service reorganization, five of the ten remaining auxiliary employees at the Mission were over the age of forty.  According to Defendant, Hird's work performance was unsatisfactory and this, according to DeRuyt and DeClercq, made her less desirable as an employee and factored into her termination.  This assertion is denied by Hird, who asserts that the 1992 criticisms were excused and that DeRuyt's criticisms resulted from his discriminatory motive.

Plaintiff was terminated on or about November 6, 2002.

6

**The Summary Judgment Standard**

Summary judgment is granted only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 338 (2d Cir. 2004).  The courts do not try issues of fact on a motion for summary judgment, but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law."  Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Gibbs-Alfano v. Burton, 281

7

F.3d 12, 18 (2d Cir. 2002).  It is not the province of the court
to decide what inferences should be drawn at this stage; if any
evidence in the record supports a reasonable inference in favor
of the nonmoving party, summary judgment is improper.  See
Howley v. Town of Stratford, 217 F.3d 141, 151 (2d Cir. 2000).
However, "the non-moving party may not rely simply on conclusory
allegations or speculation to avoid summary judgment, but
instead must offer evidence to show that its version of the
events is not wholly fanciful."  Morris v. Lindau, 196 F.3d 102,
109 (2d Cir. 1999) (internal quotations omitted).  Summary
judgment is appropriate where the moving party has shown that
"little or no evidence may be found in support of the nonmoving
party's case.  When no rational jury could find in favor of the
nonmoving party because the evidence to support its case is so
slight, there is no genuine issue of material fact and a grant
of summary judgment is proper."  Gallo v. Prudential Residential
Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations
omitted).

        Courts are directed to exercise "an extra measure of
caution" before granting summary judgment in a discrimination
case "because direct evidence of discriminatory intent is rare
and such intent must often be inferred from circumstantial

8

evidence . . . ." Holtz v. Rockefeller & Co., 258 F.3d 62, 69

(2d Cir. 2001).  The Second Circuit has explained that, "[i]n

discrimination cases where state of mind is at issue, we affirm

a grant of summary judgment in favor of an employer sparingly

because 'careful scrutiny of the factual allegations may reveal

circumstantial evidence to support the required inference of

discrimination.'" Mandell v. County of Suffolk, 316 F.3d 368,

377 (2d Cir. 2003) (quoting Graham v. Long Island R.R., 230 F.3d

34, 38 (2d Cir. 2000)).


## Material Issues of Fact Require Denial of the Motion


        According to recent Second Circuit decisions, the

Supreme Court ruling in Gross v. FBL Fin. Servs., 129 S. Ct.

2343, 174 L. Ed. 2d 119 (2009), left the McDonnell Douglas

burden-shifting framework in place for ADEA claims, but requires

"a plaintiff bringing a disparate-treatment claim pursuant to

the ADEA [to] prove, by a preponderance of the evidence, that

age was the 'but-for' cause of the challenged adverse employment

action" and not just a contributing or motivating factor.

Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105-06 (2d Cir.

2010) (quoting Gross, 129 S. Ct. at 2352); see Hriskinko v. New

York City Dep't of Ed., 369 Fed. Appx. 232, 234-35 (2d Cir.
2010).

In the first step of the McDonnell Douglas burden-
shifting framework, the plaintiff must establish a prima facie
case of discrimination.  McDonnell Douglas Corp. v. Green, 411
U.S. 792, 802 (1973).  The burden then shifts to the defendant
to articulate a legitimate, non-discriminatory reason for its
employment decision.  Id. at 802-03; Gallo, 22 F.2d at 1224.
Once the defendant articulates a legitimate reason for the
employment action, the plaintiff must demonstrate that the
proffered reason was a mere pretext for the discriminatory
motive.  McDonnell Douglas, 411 U.S. at 804.

The burden of establishing a prima facie ADEA case has
been characterized as "minimal" and "de minimis."  Zimmerman v.
Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001).
To establish a prima facie case, Plaintiff must show she was (1)
within the protected age group, (2) qualified for the position,
and (3) subject to an adverse employment decision, and that (4)
such decision occurred under circumstances giving rise to an
inference of unlawful discrimination.  Byrnie v. Town of

Cromwell, 243 F.3d 93, 101 (2d Cir. 2001) (citing McDonnell
Douglas, 411 U.S. at 802).  Plaintiff has met this burden.

The ADEA protects individuals who are at least 40
years old.  See 29 U.S.C. § 631(a).  Plaintiff was 54 years old
when she was terminated.

For the second element, Plaintiff need show only that
she "possesses the basic skills necessary for performance of
[the] job."  Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d
87, 92 (2d Cir. 2001) (quoting Owens v. New York City Hous.
Auth., 934 F.2d 405, 409 (2d Cir. 1991) (internal quotation
marks omitted)).  Here, Plaintiff's nineteen years at the
Mission demonstrate that she had the basic skills necessary for
a secretary-receptionist and was qualified for the position.

Plaintiff suffered an adverse employment action when
Defendant terminated her employment on November 6, 2002.  See,
e.g., Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d
Cir. 1998) (plaintiff's discharge "clearly amounted to an
adverse employment action").

11

Generally, an employee's replacement by a significantly younger person is evidence of age discrimination. See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000).  According to Plaintiff, two days before she was discharged, DeRuyt told her that the Mission needed a "younger image" and that she was "too old for her job," statements denied by DeRuyt.  Plaintiff was subsequently replaced by Boonen, who was 16 years old at the time.  These circumstances give rise to an inference of discrimination if the facts are resolved in Plaintiff's favor.

Defendant offers two legitimate, non-discriminatory reasons for its employment decision.  First, according to Defendant, Plaintiff was terminated as part of a service reorganization to reduce personnel costs.  However, reorganization may not be used as a pretext to remove or demote a particular employee, particularly where that employee is a member of a protected class.  See Aludo v. Denver Area Council, No. 06-cv-02257, 2008 WL 3480079, at *5 (D. Col. Aug. 8, 2008) (when "a 'reduction-in-force' includes only one employee — and the one employee is a member of a protected class — this is some evidence of pretext").  Second, according to Defendant, Plaintiff's termination was performance-based.  Defendant cites

12

several criticisms of Plaintiff's performance as evidence, but these criticisms are factually disputed by Plaintiff.

To determine if Plaintiff has presented sufficient evidence from which a reasonable juror could conclude that her age was the "but for" cause of the Mission's decision to fire her, the Court must consider whether Defendant's explanations are pretextual. Gorzynski, 596 F.3d at 107.  In addition to the two written criticisms from 1992, Defendant cites three reprimands DeRuyt issued to Hird in the year-and-a-half before he allegedly told her that she was "too old for the job" and that her employment was being terminated.  DeRuyt "is accused of being responsible for much of the discrimination."  Id.  Thus, assuming that the disputed facts alleged by Plaintiff are true, DeRuyt's reprimands leading up to the age-related remarks "occurred under circumstances suggesting discriminatory motives."  Id.

Defendant has characterized DeRuyt's age-related comments as "stray" remarks that are insufficient to give rise to liability under the ADEA.

13

The Second Circuit has explained that the term "stray remark" attempts, "perhaps by oversimplified generalization," to explain that "the more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination." Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 115 (2d Cir. 2007). However, "[t]he more a remark evinces a discriminatory state of mind, and the closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be." Id. (citing, among others, Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 162-63 (2d Cir. 1998)).  The Court in Tomassi explained as follows:

> [W]e do not understand why the district court characterized Stadmeyer's remarks as stray.  The remarks were made by the person who decided to terminate Tomassi. . . . We recognize that the defendant attributes Stadmeyer's dissatisfaction not to Tomassi's age, but to her increasingly slow and deficient job performance.  It is perfectly possible that the defendant's explanation is the correct one.  Nevertheless, it is our obligation at this stage to interpret ambiguities in the evidence in the light most favorable to the plaintiff.

Id. at 116; see also Gibbs-Alfano, 281 F.3d at 18 (at this stage in the proceedings, "a court must resolve all ambiguities and draw all reasonable inferences against the moving party").

14

A reasonable juror could find that DeRuyt's comments, which were made to and about Plaintiff prior to, and at the time of, her termination, were not "stray remarks," that Defendant's explanations are pretextual, and that Plaintiff's age was the "but for" cause of her termination. Gorzynski, 596 F.3d at 107. Accordingly, Plaintiff has offered "sufficient evidence from which a finder of fact could conclude that defendant's alleged reason for the termination was merely a pretext and that the real reason for plaintiff's termination was unlawful age discrimination." Giarratano v. Edison Hotel, No. 08 Civ. 1849, 2009 WL 464441, at *7 (S.D.N.Y. Feb. 24, 2009).

The sufficiency of the disputed facts to require a hearing of the ADEA claim applies equally to the claims under the NYSHRL and NYCHRL and requires denial of the motion for summary judgment as to the NYSHRL and NYCHRL claims as well. See Boyle v. HSBC Bank, USA, Inc., No. 08 Civ. 11358, 2010 WL 235001, at *4 n.53 (S.D.N.Y. Jan. 19, 2010) ("Age discrimination claims under the NYSHRL and the NYCHRL are analyzed under the same framework as the ADEA.").[1]

---

[1]     Even after Gross, the "but for" causation standard "does not apply to age discrimination claims brought under the NYCHRL." Weiss v. JPMorgan Chase & Co., No. 06 Civ. 4402, 2010 WL 114248, at *1 (S.D.N.Y. Jan. 13, 2010). "Rather, the NYCHRL requires only that a plaintiff prove that age was 'a motivating factor' for an adverse employment action." Id.

## Conclusion

For the reasons set forth above, Defendant's motion for partial summary judgment is denied.

It is so ordered.

New York, NY
October  4  , 2010

ROBERT W. SWEET
U.S.D.J.

16